

RECEIVED
IN LAKE CHARLES, LA.

DEC - 1 2014

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ERA HELICOPTERS, LLC, | * | CIVIL ACTION NO. 2:14-cv-768 |
| Plaintiff, | * | |
| v. | * | JUDGE PATRICIA MINALDI |
| DANIEL AMEGIN, | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

***********************************************************************

## Memorandum Ruling

Before the court is Daniel Amegin's ("Amegin") Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon which Relief Can Be Granted [Doc. 6], to which Era Helicopters, LLC, ("ERA") has filed a Response [Doc. 9], to which Amegin has filed a Reply [Doc. 10]. For the following reasons, Amegin's Motion [Doc. 6] is **GRANTED.**

## FACTS & PROCEDURAL HISTORY

Amegin and Era entered into an agreement on September 4, 2013.[1] In accordance with the terms of the agreement, Era was to provide AW139 helicopter pilot training to Amegin at no cost unless Amegin voluntarily resigned from Era within two years from the date of successful completion of the training.[2] If Amegin resigned before the two years expired, he was to reimburse Era $80,000—the cost of the helicopter training.[3] Amegin received the training as provided in the contract but then informed Era that his last day of work with the company would be March 20, 2013.[4]

---

[1] Compl. [Doc. 1] ¶ 4.
[2] *Id.* ¶ 5.
[3] *Id.*
[4] *Id.* ¶ 6.

1

Era filed suit against Amegin in this court on April 9, 2014, and invoked the court's diversity jurisdiction under 28 U.S.C. § 1332.[5] Amegin filed the present motion on June 10, 2014, alleging that the court did not have jurisdiction because the parties were not diverse, and alternatively, that Era did not state a claim upon which relief could be granted.[6]

## LAW & ANALYSIS

In its complaint, Era alleged that it was a citizen of Delaware and Louisiana and that Amegin was a citizen of Arizona.[7] However, in his reply brief in support of his motion to dismiss, Amegin asserts that he was a citizen of Texas at the time the suit was commenced and that Era was also a citizen of Texas.[8]

A district court has jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. "[D]iversity of citizenship must exist at the time the action is commenced." *Coury,* 85 F.3d at 248-49 (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989)). In a factual attack on federal jurisdiction, no presumption of truthfulness attaches to the plaintiff's jurisdictional allegations, and the court is free to weigh the evidence. *Evans v. Tubbe,* 657 F.2d 661, 663 (5th Cir. Unit A 1981). The ultimate burden on the issue of jurisdiction rests with the party invoking federal jurisdiction. *Coury v. Prot,* 85 F.3d 244, 250-51 (5th Cir. 1996) (citing 1 J. Moore, Moore's Federal Practice § 0.74[3.-3], n. 8 (1996)).

---

[5] *See* Compl. [Doc. 1].
[6] Mot. to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon which Relief Can Be Granted [Doc. 6]. The court will only be addressing the issue of jurisdiction because determination of the issue is dispositive in this matter.
[7] Compl. [Doc. 1] ¶¶ 1-2.
[8] Reply Brief in Supp. of Mot. to Dismiss [Doc. 10], at 1-2.

### I.     Amegin's Domicile

A change in domicile typically only requires (1) physical presence at the new location, and (2) intent to remain at that location indefinitely. *Coury*, 85 F.3d at 250 (citing 13B Wright-Miller-Cooper, Federal Practice and Procedure § 3613). Once the requirements of presence in the new state and intent to remain are met, domicile is instantaneously established. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (citing 15 *Moore's Federal Practice,* § 102.34[10] (3d ed. 2001)). No single fact is determinative of where a litigant is domiciled; a litigant's statement of intent is relevant to the determination of domicile but is given little weight if contradictory to the facts. *Id.* 85 F.3d at 251 (citations omitted).

Amegin has submitted an affidavit stating that he resided in Laredo, Texas, as of April 10, 2014, and intended to remain there.[9] Amegin also produced evidence that he accepted a position with the Department of Homeland Security and had been assigned to a station in Texas by March 24, 2014.[10] Additionally, Amegin and his wife executed a purchase agreement for a home in Laredo on April 3, 2014.[11]

Meanwhile, Era has presented minimal evidence that Amegin is or was domiciled in Arizona. The only evidence that Era has to support its assertion that Amegin was domiciled in Arizona at the time the suit was commenced is that the service of the complaint and summons made via Federal Express was signed for by someone with the last name of "Amegin" in Arizona.[12] Service could have been signed for by the defendant, or by someone in the

---

[9] Def.'s Ex. 1, Aff. of Daniel Amegin [Doc. 10-1].
[10] Def.'s Ex. A, Appointment Affs. [Doc. 10-1].
[11] Def.'s Ex. B [Doc. 10-1].
[12] Aff. of Service [Doc. 4].

defendant's family. It is undisputed that Amegin's family stayed in Arizona while Amegin was setting up the house in Texas.[13]

Era has the burden to show that diversity between the parties was present at the time the suit commenced. Even if Era did not bear the burden on this issue, Amegin has submitted sufficient evidence to show that he was domiciled in Texas at the time the suit commenced.

## II. Era's Domicile

The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

Era Helicopters, LLC, has one member: Era Group, Inc.[14] Era alleges in its complaint and opposition to Amegin's motion that Era Group, Inc., is incorporated in Delaware and that Era Group's principal place of business is located in Louisiana.[15] However, Amegin produced Era Group's filing with the Louisiana Secretary of State, in which Era Group's principal place of business is listed as Houston, Texas.[16] Because Amegin was domiciled in Texas at the commencement of the suit, and Era Group's principal place of business is in Texas, there is no diversity of citizenship, and this court does not have jurisdiction.

Era has produced no evidence of Era Group's principal place of business. Even without considering the documents submitted by Amegin, Era has not satisfied its burden of showing that diversity exists in this matter. When Amegin raised the factual attack on jurisdiction, the burden

---

[13] Def.'s Ex. 1 Aff of Daniel Amegin [Doc. 1].
[14] Am. & Restated Operating Agreement of Era Helicopters, LLC [Doc. 9-1], at 2.
[15] *See* Compl. [Doc. 1], and Pl.'s Mem. in Opp. to Mot. to Dismiss [Doc. 9], 3-4.
[16] Def.'s Ex. 2 [Doc. 10-2].

4

shifted to Era to show that diversity exists in this matter. Era has not satisfied its burden. Accordingly,

**IT IS ORDERED** that Amegin's Motion to Dismiss [Doc. 6] be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be and hereby is **DISMISSED, WITHOUT PREJUDICE,** each party to bear its own costs and fees.

Lake Charles, Louisiana, this 22 day of November, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE